THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding attorney’s fees to claimant’s attorney. We reverse.
The deputy commissioner’s finding that claimant’s attorney was entitled to a reasonable attorney’s fee for the permanent total disability (PTD) benefits being paid to claimant was based on findings of fact not supported by the evidence and on erroneous conclusions of law.
By report dated January 27, 1982, the claimant’s treating physician found that he had reached maximum medical improvement and stated “I believe that he should be considered, for the moment, permanently and totally disabled.” (emphasis supplied) This report, which was introduced into evidence, reflects that it was sent only to the claimant’s attorney. Although appellee suggests that the doctor’s bill for the January 27 services was sent to the employer on January 28 there was no evidence that the employer also received the report. February 16, 1982 is the only date shown by the evidence to have been the date the carrier received the report and it accepted the claimant as PTD within 21 days from that date. The January 27 report is not clear as to whether the claimant is PTD because it says he should be considered permanently and totally disabled “for the moment”. By an April 4 addendum to the January 27 report the doctor admits considerable ambiguity concerning what was meant by his report and said:
the patient may very well show some or even considerable improvement in the future, simply through the passage of time. For that reason, I do not believe that he should be considered permanently disabled without any chance of recovery in the future. At this point in time, he is totally disabled, but this should be considered temporary in that some improvement may occur in the future.
Section 440.34, Fla.Stat. (Supp.1978) provides that if the employer or carrier decline to pay a claim on or before the 21st day after they have notice of the claim, or shall otherwise resist unsuccessfully the payment of compensation and the claimant shall have employed an attorney at law in the successful prosecution of the claim, claimant shall, in addition to the award for com *606 pensation, be awarded a reasonable attorney’s fee. Even if the carrier had not accepted the claimant as PTD within 21 days from the date it received the initial medical report, the ambiguous medical report does not constitute a claim the carrier declined to pay and claimant’s attorney has filed no claim for PTD. There is no basis for the award of an attorney’s fee and the award is REVERSED.
ERVIN and WIGGINTON, JJ., concur.